LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

MINDY LOSEE, individually and as successor in interest to Breanne Sharpe, deceased,

            Plaintiff,

     vs.

CITY OF CHICO; SCOTT ZUSCHIN; DAMON SELLAND; NICK VEGA; JARED CUMBER; DAVID QUIGLEY; and DOES 1-10, inclusive,

            Defendants.

Case No.

**COMPLAINT FOR DAMAGES**
1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal Liability – Ratification (42 U.S.C. § 1983)
6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (wrongful death)
10. Negligence (wrongful death)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mindy Losee, individually and as a successor in interest to Breanne Sharpe, deceased, for her Complaint against Defendants City of Chico, Scott Zuschin, Damon Selland, Nick Vega, Jared Cumber, David Quigley, and Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's daughter, nineteen year old Breanne Sharpe ("DECEDENT"), on September 22, 2013.

## PARTIES

4.      At all relevant times, Decedent Breanne Sharpe was an individual residing in the City of Chico, California.

5.      Plaintiff MINDY LOSEE ("LOSEE") is an individual residing in the City of Chico, California and is the natural mother of DECEDENT.  LOSEE sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  LOSEE seeks both survival and wrongful death damages under federal and state law.

6.      At all relevant times, Defendant CITY OF CHICO ("CITY") is and was a municipal corporation existing under the laws of the State of California.  CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Chico Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

7.      Defendant SCOTT ZUSCHIN ("ZUSCHIN") is a sergeant for the Chico Police Department.  ZUSCHIN was acting under color of law within the course and scope of his duties as a sergeant for the Chico Police Department.  ZUSCHIN was acting with complete authority and ratification of his principal, Defendant CITY.

8.      Defendant DAMON SELLAND ("SELLAND") is a police officer for the Chico Police Department.  SELLAND was acting under color of law within the course and scope of his duties as a police officer for the Chico Police Department.  SELLAND was acting with complete authority and ratification of his principal, Defendant CITY.

9.      Defendant NICK VEGA ("VEGA") is a police officer for the Chico Police Department.  VEGA was acting under color of law within the course and

1  scope of his duties as a police officer for the Chico Police Department.  VEGA was

2  acting with complete authority and ratification of his principal, Defendant CITY.

3      10.     Defendant JARED CUMBER ("CUMBER") is a police officer for the

4  Chico Police Department.  CUMBER was acting under color of law within the

5  course and scope of his duties as a police officer for the Chico Police Department.

6  CUMBER was acting with complete authority and ratification of his principal,

7  Defendant CITY.

8      11.     Defendant DAVID QUIGLEY ("QUIGLEY") is a police officer for the

9  Chico Police Department.  QUIGLEY was acting under color of law within the

10  course and scope of his duties as a police officer for the Chico Police Department.

11  QUIGLEY was acting with complete authority and ratification of his principal,

12  Defendant CITY.

13      12.     Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the

14  Chico Police Department.  DOE OFFICERS were acting under color of law within

15  the course and scope of their duties as police officers for the Chico Police

16  Department.  DOE OFFICERS were acting with the complete authority and

17  ratification of their principal, Defendant CITY.

18      13.     Defendants DOES 6-8 are supervisory officers for the Chico Police

19  Department who were acting under color of law within the course and scope of their

20  duties as police officers for the Chico Police Department.  DOES 6-8 were acting

21  with the complete authority and ratification of their principal, Defendant CITY.

22      14.     Defendants DOES 9-10 are managerial, supervisorial, and

23  policymaking employees of the Chico Police Department, who were acting under

24  color of law within the course and scope of their duties as managerial, supervisorial,

25  and policymaking employees for the City of Chico Police Department.  DOES 9-10

26  were acting with the complete authority and ratification of their principal, Defendant

27  CITY.

28

15. On information and belief, DOES 1-10 were residents of the City of Chico.

16. In doing the acts and failing and omitting to act as hereinafter described, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, QUIGLEY, and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-10.

17. In doing the acts and failing and omitting to act as hereinafter described, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, QUIGLEY, and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

18. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend her complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

19. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

20. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

21. ZUSCHIN, SELLAND, VEGA, CUMBER, QUIGLEY, and DOES 1-10 are sued in their individual capacity.

22.     On March 21, 2014, Plaintiff filed comprehensive and timely claims for damages with the City of Chico pursuant to applicable sections of the California Government Code.

23.     On May 7, 2014, the City of Chico denied said claims.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 23 of her Complaint with the same force and effect as if fully set forth herein.

25.     On September 22, 2013, at approximately 2:00 a.m., Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY attempted to stop DECEDENT, who was driving a vehicle at the time.  A brief pursuit of DECEDENT's vehicle ensued, ending when DECEDENT's vehicle made contact with a utility pole.  On information and belief, at the time she was shot, DECEDENT was unarmed and did not pose an imminent danger of death or serious bodily injury to ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY or anyone else.  On information and belief, ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, police officers working for the City of Chico Police Department, fired shots at DECEDENT, and DECEDENT suffered at least two gunshot wounds.

26.     After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

27.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT

did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

28.     Plaintiff LOSEE is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)

29.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 28 of her Complaint with the same force and effect as if fully set forth herein.

30.     Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY detained DECEDENT without reasonable suspicion and arrested her without probable cause.

31.     When Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY pointed a gun at DECEDENT, shot DECEDENT, and placed her in handcuffs, they violated DECEDENT's right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.     The conduct of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY S was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY.

33.     As a result of their misconduct, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY are liable for DECEDENT's injuries, either

1  because they were integral participants in the wrongful detention and arrest, or

2  because they failed to intervene to prevent these violations.

3      34.    Plaintiff brings her claim as a successor-in-interest to DECEDENT, and

4  seeks both survival and wrongful death damages for the violation of DECEDENT's

5  rights.  Plaintiff also seeks funeral and burial expenses and attorney's fees.

6

7  **SECOND CLAIM FOR RELIEF**

8  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

9   (Against Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)

10      35.    Plaintiff repeats and re-alleges each and every allegation in

11  paragraphs 1 through 34 of her Complaint with the same force and effect as if fully

12  set forth herein.

13      36.    Defendants ZUSCHIN's, SELLAND's, VEGA's, CUMBER's, and

14  QUIGLEY's unjustified shooting deprived DECEDENT of her right to be secure in

15  her person against unreasonable searches and seizures as guaranteed to her under the

16  Fourth Amendment to the United States Constitution and applied to state actors by

17  the Fourteenth Amendment.

18      37.    As a result of the foregoing, DECEDENT suffered great physical pain

19  and emotional distress up to the time of her death, loss of enjoyment of life, loss of

20  life, and loss of earning capacity.

21      38.    The conduct of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER,

22  and QUIGLEY was willful, wanton, malicious, and done with reckless disregard for

23  the rights and safety of DECEDENT, and therefore warrants the imposition of

24  exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND, VEGA,

25  CUMBER, and QUIGLEY.

26      39.    The shooting was excessive and unreasonable, and DECEDENT posed

27  no immediate threat of death or serious bodily injury at the time of the shooting.

28  Further, Defendants ZUSCHIN's, SELLAND's, VEGA's, CUMBER's, and

1  QUIGLEY's shooting and use of force violated their training and standard police
2  officer training.

3     40.    Plaintiff brings her claim as a successor-in-interest to DECEDENT, and
4  seek both survival and wrongful death damages for the violation of DECEDENT's
5  rights.  Plaintiff also seeks funeral and burial expenses and attorney's fees.

6

7                    **THIRD CLAIM FOR RELIEF**
8     **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**
9     (Against Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)
10    41.    Plaintiff repeats and re-alleges each and every allegation in
11  paragraphs 1 through 40 of her Complaint with the same force and effect as if fully
12  set forth herein.

13    42.    The denial of medical care by Defendants ZUSCHIN, SELLAND,
14  VEGA, CUMBER, and QUIGLEY deprived DECEDENT of her right to be secure
15  in her person against unreasonable searches and seizures as guaranteed to her under
16  the Fourth Amendment to the United States Constitution and applied to state actors
17  by the Fourteenth Amendment.

18    43.    As a result of the foregoing, DECEDENT suffered great physical pain
19  and emotional distress up to the time of her death, loss of enjoyment of life, loss of
20  life, and loss of earning capacity.

21    44.    Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and
22  QUIGLEY knew that failure to provide timely medical treatment to DECEDENT
23  could result in further significant injury or the unnecessary and wanton infliction of
24  pain, but disregarded that serious medical need, causing DECEDENT great bodily
25  harm and death.

26    45.    The conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and
27  QUIGLEY was willful, wanton, malicious, and done with reckless disregard for the
28  rights and safety of DECEDENT and therefore warrants the imposition of

-8-

1  exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND, VEGA,

2  CUMBER, and QUIGLEY.

3      46.    As a result of their misconduct, Defendants ZUSCHIN, SELLAND,

4  VEGA, CUMBER, and QUIGLEY are liable for DECEDENT's injuries, either

5  because they were integral participants in the wrongful detention and arrest, or

6  because they failed to intervene to prevent these violations.

7      47.    Plaintiff brings her claim as a successor-in-interest to the DECEDENT,

8  and seeks both survival and wrongful death damages for the violation of

9  DECEDENT's rights.  Plaintiff also seeks funeral and burial expenses and

10  attorney's fees.

11

12              **FOURTH CLAIM FOR RELIEF**

13  **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

14   (Against Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)

15      48.    Plaintiff repeats and re-alleges each and every allegation in

16  paragraphs 1 through 47 of her Complaint with the same force and effect as if fully

17  set forth herein.

18      49.    Plaintiff LOSEE had a cognizable interest under the Due Process

19  Clause of the Fourteenth Amendment of the United States Constitution to be free

20  from state actions that deprive her of life, liberty, or property in such a manner as to

21  shock the conscience, including but not limited to unwarranted state interference in

22  Plaintiff's familial relationship with her daughter, DECEDENT.

23      50.    The aforementioned actions of ZUSCHIN, SELLAND, VEGA,

24  CUMBER, and QUIGLEY, along with other undiscovered conduct, shock the

25  conscience, in that they acted with deliberate indifference to the constitutional rights

26  of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate

27  law enforcement objective.

28

COMPLAINT FOR DAMAGES

1    51.   ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY thus

2 violated the substantive due process rights of Plaintiff to be free from unwarranted

3 interference with her familial relationship with DECEDENT, her daughter.

4    52.   As a direct and proximate cause of the acts of ZUSCHIN, SELLAND,

5 VEGA, CUMBER, and QUIGLEY, Plaintiff suffered emotional distress, mental

6 anguish, and pain.  Plaintiff has also been deprived of the life-long love,

7 companionship, comfort, support, society, care, and sustenance of DECEDENT, and

8 will continue to be so deprived for the remainder of her natural life.

9    53.   The conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and

10 QUIGLEY was willful, wanton, malicious, and done with reckless disregard for the

11 rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition

12 of exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND,

13 VEGA, CUMBER, and QUIGLEY.

14    54.   Plaintiff brings her claim as a successor-in-interest to DECEDENT, and

15 seeks both survival and wrongful death damages for the violation of DECEDENT's

16 rights.  Plaintiff also seeks funeral and burial expenses and attorney's fees.

17

18    **FIFTH CLAIM FOR RELIEF**

19    **Municipal Liability – Ratification (42 U.S.C. § 1983)**

20    (Against Defendants CITY and DOES 6-10)

21    55.   Plaintiff repeats and re-alleges each and every allegation in paragraphs

22 1 through 54 of her Complaint with the same force and effect as if fully set forth

23 herein.

24    56.   Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and

25 QUIGLEY acted under color of law;

26    57.   The acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER,

27 and QUIGLEY deprived DECEDENT and Plaintiff of their particular rights under

28 the United States Constitution.

COMPLAINT FOR DAMAGES

58.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, ratified (or will ratify) Defendants ZUSCHIN's, SELLAND's, VEGA's, CUMBER's, and QUIGLEY's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants ZUSCHIN's, SELLAND's, VEGA's, CUMBER's, and QUIGLEY's acts.

59.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY were "within policy."

60.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

61.    Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

62.    Plaintiff brings her claim as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

63.    Plaintiff also seeks attorney fees under this claim. Plaintiff is also claiming funeral and burial expenses.


### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

64.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 63 of her Complaint with the same force and effect as if fully set forth herein.

65.     Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY acted under color of law;

66.     The acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

67.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

68.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

69.     The failure of Defendant CITY to provide adequate training caused the deprivation of the plaintiff's rights by Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY; that is, the defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

70.     By reason of the aforementioned acts and omissions, Plaintiff have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72.     Plaintiff brings her claim as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

73.     Plaintiff also seeks attorney fees under this claim. Plaintiff is also claiming funeral and burial expenses.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

74.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 73 of her Complaint with the same force and effect as if fully set forth herein.

75.     Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY acted under color of law;

76.     Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

77.     On information and belief, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

78.     Defendants CITY and ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

  (a) Using excessive force, including excessive deadly force;

  (b) Providing inadequate training regarding the use of deadly force;

  (c) Providing inadequate training regarding encounters with the mentally ill and persons with disabilities;

  (d) Employing and retaining as police officers individuals such as Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

-13-

1    (e)    Inadequately supervising, training, controlling, assigning, and

2            disciplining CITY officers, and other personnel, including

3            Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and

4            QUIGLEY, who Defendant CITY knew or in the exercise of

5            reasonable care should have known had the aforementioned

6            propensities and character traits;

7    (f)    Maintaining grossly inadequate procedures for reporting,

8            supervising, investigating, reviewing, disciplining and

9            controlling misconduct by CITY officers;

10   (g)    Failing to adequately discipline CITY police officers for the

11           above-referenced categories of misconduct, including "slaps on

12           the wrist," discipline that is so slight as to be out of proportion to

13           the magnitude of the misconduct, and other inadequate discipline

14           that is tantamount to encouraging misconduct;

15   (h)    Announcing that unjustified shootings are "within policy,"

16           including shootings that were later determined in court to be

17           unconstitutional;

18   (i)     Even where shootings are determined in court to be

19           unconstitutional, refusing to discipline, terminate, or retrain the

20           officers involved;

21   (j)     Encouraging, accommodating, or facilitating a "blue code of

22           silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

23           or simply "code of silence," pursuant to which police officers do

24           not report other officers' errors, misconduct, or crimes. Pursuant

25           to this code of silence, if questioned about an incident of

26           misconduct involving another officer, while following the code,

27           the officer being questioned will claim ignorance of the other

28           officers' wrongdoing; and

-14-

(k)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

79.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases in which a jury has found force used by a police officer working for the Chico Police Department to be excessive and unreasonable.

80.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

81.    Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

82.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were

affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

83.    Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

84.    Plaintiff brings her claim individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

85.    Plaintiff also seeks attorney fees under ther claim. Plaintiff is also claiming funeral and burial expenses.

## EIGHTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment
(Against Defendants CITY and ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)

86.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 85 of her Complaint with the same force and effect as if fully set forth herein.

87.    Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, while working as police officers for the Chico Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY detained DECEDENT without reasonable suspicion and arrested her without probable cause.

88.    DECEDENT did not knowingly or voluntarily consent.

89.    Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY detained DECEDENT for an appreciable amount of time.

90.    The conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY was a substantial factor in causing the harm to DECEDENT.

91.     Defendant CITY is vicariously liable for the wrongful acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

92.     The conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

93.     As a result of their misconduct, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

## NINTH CLAIM FOR RELIEF

### Battery

(wrongful death)

(Against Defendants CITY and ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY)

94.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 93 of her Complaint with the same force and effect as if fully set forth herein.

95.     ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, while working as officers for the City of Chico Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against her.  As a result of the actions of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, DECEDENT suffered severe pain and suffering and ultimately died from her injuries. ZUSCHIN,

-17-

SELLAND, VEGA, CUMBER, and QUIGLEY had no legal justification for using force against DECEDENT, and her use of force while carrying out her duties as a sheriff's officer was an unreasonable and nonprivileged use of force.

96.     As a direct and proximate result of the conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY as alleged above, DECEDENT sustained injuries and died from her injuries and also lost her earning capacity.  As a direct and proximate result of the conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

97.     The CITY is vicariously liable for the wrongful acts of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

98.     The conduct of ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY.

99.     Plaintiff brings her claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under ther claim.

COMPLAINT FOR DAMAGES

## TENTH CLAIM FOR RELIEF

### Negligence

(wrongful death)

(Against all Defendants)

100.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 99 of her Complaint with the same force and effect as if fully set forth herein.

101.   Police officers, including Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

102.   Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY and DOES 1-10 breached their duty of care.  The actions and inactions of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY  and DOES 1-10 were negligent and reckless, including but not limited to:

      (a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

      (b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

      (c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

      (d)    the failure to provide prompt medical care to DECEDENT;

      (e)    the failure to properly train and supervise employees, both professional and non-professional, including ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY;

1        (f)    the failure to ensure that adequate numbers of employees with

2                   appropriate education and training were available to meet the

3                   needs of and protect the rights of DECEDENT;

4        (g)    the negligent handling of evidence and witnesses; and

5        (h)    the negligent communication of information during the incident.

6   103.   As a direct and proximate result of Defendants' conduct as alleged

7   above, and other undiscovered negligent conduct, DECEDENT was caused to suffer

8   severe pain and suffering and ultimately died.  Also as a direct and proximate result

9   of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and

10  mental anguish.  Plaintiff also has been deprived of the life-long love,

11  companionship, comfort, support, society, care and sustenance of DECEDENT, and

12  will continue to be so deprived for the remainder of her natural life.

13  104.   The CITY is vicariously liable for the wrongful acts of Defendants

14  ZUSCHIN, SELLAND, VEGA, CUMBER, QUIGLEY, and DOES 1-10 pursuant to

15  section 815.2(a) of the California Government Code, which provides that a public

16  entity is liable for the injuries caused by its employees within the scope of the

17  employment if the employee's act would subject her or her to liability.

18  105.   Plaintiff brings her claim as a successor-in-interest to DECEDENT, and

19  seeks wrongful death damages under this claim.

20

21  **ELEVENTH CLAIM FOR RELIEF**

22  **(Violation of Cal. Civil Code § 52.1)**

23  (Against all Defendants)

24  106.   Plaintiff repeats and re-alleges each and every allegation in

25  paragraphs 1 through 105 of her Complaint with the same force and effect as if fully

26  set forth herein.

27

28

COMPLAINT FOR DAMAGES

107.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

108.   On information and belief, Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting her without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying her necessary medical care.

109.   When Defendants shot DECEDENT and allowed her to lie bleeding on the pavement, they interfered with her civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

110.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which they were fully entitled to enjoy.

111.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants  ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

112.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

113.   The conduct of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

114.   The CITY is vicariously liable for the wrongful acts of Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

115.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

116.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants ZUSCHIN, SELLAND, VEGA, CUMBER, and QUIGLEY.

117.   Plaintiff seeks attorney's fees under this claim.

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants City of Chico, Scott Zuschin, Damon Selland, Nick Vega, Jared Cumber, David Quigley, and Does 1-10, inclusive, as follows:

    A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.    For funeral and burial expenses, and loss of financial support;

    C.    For punitive damages against the individual defendants in an amount to be proven at trial;

    D.    For interest;

    E.    For reasonable attorneys' fees, including litigation expenses;

    F.    For costs of suit; and

    G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  September 22. 2014      LAW OFFICES OF DALE K. GALIPO

                      By
                      Dale K. Galipo
                      Attorneys for Plaintiff

-23-

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  September 22, 2014          LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Attorneys for Plaintiff

-22-