UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDY LOSEE, individually and as successor in interest to Breanne Sharpe, deceased,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF CHICO; SCOTT ZUSCHIN; DAMON SELLAND; NICK VEGA; JARED CUMBER; DAVID QUIGLEY; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:14-cv-02199-GEB-CMK<br><br>*Hon. Garland E. Burrell, Jr.*<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

WHEREAS counsel for the parties have discussed the anticipated production of documents and materials relating to an interaction between the Decedent, Breanne Sharpe, and members of the City of Chico Police Department, and these documents and materials pertain to investigation conducted by the Butte County Sheriff's Office, the Butte County District Attorney, and the Chico Police Department in this matter, which Defendants assert contain information of a privileged, confidential, private, or sensitive nature, and the public dissemination of which Defendants believe jeopardize compelling interests in preserving the integrity

-1-          Case No. 2:14-cv-02199-GEB-CMK

of the Chico Police Department's investigations (hereinafter "Confidential Information").

WHEREAS this Confidential Information is currently in the possession of Defendant City of Chico, Defendants through their counsel of record have agreed to produce certain "Confidential Information" in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1. The City of Chico may designate as "Confidential Information" in this matter documents pertaining to internal and criminal police investigations conducted by the Butte County Sheriff's Office, the Butte County District Attorney, and the Chico Police Department as well as any complaints against police officers and adjudication thereof and statements of witnesses pertaining to such complaints, which Defendant City contends contain information of a privileged, confidential, private or sensitive nature, and the public dissemination of which Defendant City contends would jeopardize compelling interests in preserving the integrity of the Chico Police Department's internal and criminal investigations, by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. The category of documents and other tangible things so designated shall be treated in accordance with the terms of this stipulation.

2. "Confidential Information" may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, "Confidential Information" may be disclosed only to the following persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Parties to this civil litigation;

(c) Attorneys, paralegals, law clerks**,** stenographic, clerical and secretarial personnel who are employed or contracted with the offices of counsel referred to in subparagraph (a);

(d) Expert witnesses/consultants consulted and/or retained for this action; and

(e) The judge and court personnel, including stenographic reporters; and

(f) Witnesses in the action, preparation for or during deposition or trail testimony, provided

4. Prior to the disclosure of any "Confidential Information" to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such "Confidential Information" shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said "Confidential Information" sign the Nondisclosure Agreement set forth in Attachment "A," stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

5. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review.  Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a purported unauthorized disclosure of the "Confidential Information", upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed material(s), in camera with the Court having jurisdiction of the Stipulation.

6. The court reporter and videographer, if any, who record all or part of the depositions in this matter of any City Defendant, or any other current or former employee of the Chico Police Department, shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, the "Confidential Information," and all testimony involving information derived from the "Confidential Information," shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3. Nothing in this agreement is intended to limit the rights of third parties to obtain such "Confidential Information" through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the "Confidential Information".

7. If any "Confidential Information," or testimony derived therefrom, occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by City Defendants, or any other current or former employee of the Chico Police Department during the "Confidential" sections of said depositions.

8. Upon the final termination of this litigation, including any appeal pertaining thereto, all "Confidential Information" and all copies thereof shall be returned to the Defendants, except as to Court personnel. All "Confidential Information" disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants' attorneys of record.

9. If any party who receives "Confidential Information" receives a subpoena or other request seeking "Confidential Information", he, she or it shall immediately give written notice to the Defendants' counsel, identifying the

1  "Confidential Information" sought and the time in which production or other
2  disclosure is required, and shall object to the request or subpoena on the grounds of
3  this stipulation so as to afford the Defendants an opportunity to obtain an order
4  barring production or other disclosure, or to otherwise respond to the subpoena or
5  other request for production or disclosure of Confidential Material.  Other than
6  objecting on the grounds of this stipulation, no party shall be obligated to seek an
7  order barring production of "Confidential Information," which obligation shall be
8  borne by Defendants.  However, in no event should production or disclosure be
9  made without written notice to Defendants' counsel unless required by court order
10 after serving written notice to Defendants' counsel.

11          10.   Any pleadings, motions, briefs, declarations, stipulations,
12 exhibits or other written submissions to the Court in this litigation which contain,
13 reflect, incorporate or refer to "Confidential Information" shall be filed and
14 maintained under seal, after written application to the Court made. If the Court
15 approves the application to file the documents under seal, the original and judge's
16 copy of the document shall be sealed in separate envelopes with a title page affixed
17 to the outside of each envelope. No sealed or confidential record of the Court
18 maintained by the Clerk shall be disclosed except upon written order of the Court.

19          11.   Any pleadings, motions, briefs, declarations, stipulations,
20 exhibits or other written submissions to the Court in this litigation which contain,
21 reflect, incorporate or refer to Confidential Information shall be filed and
22 accompanied by an application pursuant to Local Rule 79-5.1, to file the papers – or
23 the confidential portion(s) thereof—under seal.  Such application shall be directed to
24 the judge to whom the papers are directed.  Pending the ruling on the application,
25 the papers or portions thereof subject to the sealing application shall be lodged
26 under seal.

27
28

12. Nothing herein shall prejudice any party's rights to object to the introduction of any "Confidential Information" into evidence, on grounds including but not limited to relevance and privilege.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

15. Disclosing parties retain the right to disclose or release the "Confidential Information" outside the terms of this stipulation, but acknowledge that doing so may result in a waiver of the confidentiality of the "Confidential Information."

16. This Protective Order survives settlement, trial and/or appeal.

Dated: January 13, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE