UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDY LOSEE, individually and as successor in interest to Breanne Sharpe, deceased, | No. 2:14-cv-02199-KJM-CMK |
| Plaintiff, | ORDER |
| v. | |
| CITY OF CHICO; SCOTT ZUSCHIN; DAMON SELLAND; NICK VEGA; JARED CUMBER; and DAVID QUIGLEY, | |
| Defendants. | |

    Plaintiff's motion to formally amend her expert witness disclosures is before the court. Plaintiff seeks to permit Brandy Spas and Kirsten Wallace to testify at trial as non-retained expert witnesses. ECF No. 30. Defendants oppose plaintiff's motion. Opp'n, ECF No. 34. As explained below, plaintiff's motion is GRANTED.

I. BACKGROUND

    On December 8, 2014, the court set the deadline for initial expert witness disclosures as July 11, 2015. ECF No. 12 at 2. By a court-approved stipulation, the parties continued the initial disclosure date to August 5, 2015. ECF No. 16 at 2.

On August 5, 2015, plaintiff made her initial expert witness disclosures, naming Scott Defoe as a retained expert witness. *See* ECF No. 35 at 14–20. Plaintiff also named the following non-retained expert witnesses: (1) Mauricio T. Schrader, (2) Michael Fraters, (3) Alexander Vogel, (4) Jon C. Bowersox, (5) Michael Delles, (6) Melissa Brink, and (7) Darrin Brown. *Id.* at 15–17. On November 27, 2015, shortly before the expert discovery cutoff of December 8, 2015, plaintiff amended the initial disclosures to include non-retained expert witnesses Brandy C. Spas and Kirsten Wallace. *Id.* at 25–26. In the amended disclosure, plaintiff noted Ms. Spas and Ms. Wallace were expected to testify about cartridge cases recovered from the decedent's body and the scene of the incident at the heart of this case; the cause and manner of death including which bullets from which gun impacted decedent's body; and additional opinions expressed at the time of deposition. *Id.* at 26. Defendants objected to the amended disclosure as belated. *Id.* at 30.

On November 27, 2015, plaintiff served defendants with a Notice of Deposition for Ms. Spas. *Id.* at 36. The deposition was set for December 8, but did not take place on that date. *Cf. id.* at 48; Opp'n at 4. On December 17, 2015, plaintiff issued deposition subpoenas to Ms. Spas and Ms. Wallace. ECF No. 35 at 41, 44. The depositions were then scheduled to occur on January 11, 2016, and they took place on that date. *Id.* at 51. Defendants' counsel appeared at both depositions, while stating for the record they did not waive their objections to plaintiff's untimely disclosures by attending the depositions. *Id.* at 51-60. Plaintiff filed her motion to formally amend her witness disclosures on February 26, 2016. ECF No. 30. Defendants filed their opposition on March 11, 2016. ECF No. 34.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. With respect to the timing of expert disclosures, Rule 26(a)(2)(D) provides: "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless. *Yeti by Molly,*

*Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).   Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The burden is on the party facing exclusion of its expert's testimony to prove the delay was "justified or harmless." *Id.*

III.     DISCUSSION

Although plaintiff designated Ms. Spas and Ms. Wallace as percipient witnesses, she later amended her expert witness disclosure lists to include Ms. Spas and Ms. Wallace "only in abundance of caution." Opp'n at 4.  Defendants received notice of plaintiff's amended disclosures on November 27, 2015, approximately three months before plaintiff filed the pending motion to formally amend.  *See* ECF No. 35 at 26.  Further, defendants received notice of the depositions of Ms. Spas and Ms. Wallace, and defense counsel attended the depositions, which took place in January of this year.  On this record, the court cannot conclude defendants would be prejudiced or surprised should plaintiff's additional witnesses, now designated as non-retained experts, be allowed to testify at trial.

Defendants request the court continue the trial date to allow them time to retain experts on the subject matter covered by Ms. Spas and Ms. Wallace in their depositions.  Opp'n at 7–8.  The court vacated the scheduled trial date and has set a final pretrial conference for July 1, 2016.  In the interest of justice, the court will allow a limited reopening of expert discovery so that the defense can identify rebuttal experts in light of the belated disclosures of Ms. Spas and Ms. Wallace.  Defendants shall have until June 3, 2016, to identify rebuttal experts as allowed by the court, and any further expert discovery associated with any such rebuttal experts shall be concluded for all purposes by July 1, 2016.

/////

IV.     CONCLUSION

For the foregoing reasons, plaintiff may rely on Brandy Spas and Kirsten Wallace as non-retained expert witnesses who may testify at trial, subject to any proper objections defendant may raise during trial. Defendants shall have until June 3, 2016, to identify rebuttal experts as allowed by the court, and any further expert discovery associated with any such rebuttal experts shall be concluded for all purposes by July 1, 2016.

This order resolves ECF Nos. 30, 34.

IT IS SO ORDERED.

DATED: May 9, 2016.

UNITED STATES DISTRICT JUDGE